amendment to this act by chapter 600, Laws of 1874, does not affect this provision.

The plaintiffs by their levy acquired a lien which was not defeated by the existing assignment, and they should have judgment on the submitted case, with costs.

*Judgment for plaintiffs.*

PHILLIPS v. WHEELER.

*Execution — upon judgment afterward set aside — right to money collected on — priority between executions. Practice — what county special motion to be made in — jurisdiction. Sheriff — application of for direction as to moneys collected.*

In an action against three persons as partners plaintiff took judgment by default, and issued execution. Thereafter, one of the partners was let in to defend, and he recovered judgment, dismissing the complaint upon the merits, but the judgment against the other partners remained unreversed. *Held,* that the judgment dismissing the complaint in favor of the partner defending, went to the right to demand money collected by the sheriff, upon the execution against the firm, and plaintiff was not entitled to hold the same.

The sheriff of Dutchess county, who held numerous executions and attachments against a firm, on notice to the creditors moved, at the special term in that county, for directions by the court as to the disposition of moneys collected from the firm. One of the creditors recovered judgment in New York and another in Greene county. *Held,* that the proceeding was not embraced in the provision of Code, § 401, subd. 4, that "motions, upon notice, must be made within the district in which the action is triable, or in a county adjoining that in which it is triable," but was governed by rule 97 of the court, and the motion was properly made in Dutchess county.

APPEAL by J. Frank Phillips from an order at special term, directing the payment of money by the respondent, George Lamoree, late sheriff of Dutchess county.

In October, 1867, the respondent, who was then sheriff of Dutchess county, received an execution upon a judgment recovered in New York county, by J. Frank Phillips against Henry W. Wheeler and others, who composed a firm doing business in Dutchess county. On the next day after the receipt of such execution, an attachment

in an action brought in Greene county by Charles Cornwall against the same defendants was placed in respondent's hands. Subsequently a judgment was recovered in such action, and an execution issued to respondent. On the day of the receipt of the attachment a levy was made and the property was subsequently sold. The proceeds of sale were insufficient to satisfy either execution.

The judgment in favor of Phillips was obtained by default upon an alleged indebtedness of the firm for moneys loaned. After the execution was issued, the judgment, upon application of Henry W. Wheeler, was vacated as to him personally, and as against the copartnership property and effects of the firm, and Wheeler allowed to defend. Wheeler put in an answer in which the entire claim of Phillips against the firm was put at issue. The action was referred and tried, and Wheeler obtained judgment dismissing the complaint.

The respondent for the purpose of obtaining a direction from the court as to which of the two execution creditors he should pay the money collected by him, made a motion at the Dutchess special term upon notice to the various judgment creditors, fourteen in number, who had issued executions to Dutchess county.

The court, at special term, made an order directing the payment of the money held by the respondent upon the execution in favor of Charles Cornwall, and from that order this appeal was taken.

*E. J. Sherman* and *Geo. W. Niles*, for appellant.

*Anthony & Losey*, for respondent.

Present — BARNARD, P. J., TAPPEN and TALCOTT, JJ.

TAPPEN, J. The sheriff of Dutchess made a motion at the Dutchess special term upon notice to all the judgment or attachment creditors in these actions, for directions by the court as to the disposition of moneys in his hands, arising from the sale of the partnership property of the judgment debtors. The plaintiff Phillips obtained a judgment by default against all three defendants as partners, and filed transcript, and issued execution to the sheriff of Dutchess, pending which the defendant Wheeler, by order of the court, had the judgment set aside as to him, and was allowed to come in and defend on the merits. Judgment was subsequently

rendered at the trial in his favor, the referee finding "that the defendants were partners ; that the sums of money alleged by the plaintiff to have been loaned to the defendants were not so loaned, and that the defendants were not indebted to the plaintiff. The defendant Wheeler, being the only party defending, took judgment against the plaintiff dismissing the complaint and for costs ; and the judgment stands unreversed. The plaintiff asks to have the money in the sheriff's hands applied to the execution which he issued on the judgment before it was opened by the defendant Wheeler, upon the ground that it was not opened as to the other defendants, although it was upon a claim against all the defendants as partners. The plaintiff's priority is contested by Charles Cornwall, a creditor who is next in order of time by reason of an attachment which the sheriff of Dutchess received and levied on the partnership property. The sum of money in the sheriff's hands is about $1,700, and either of these claims will more than exhaust the fund, and the claims of the twelve subsequent execution creditors do not need to be considered at present.

The plaintiff's judgment stands impeached by the decision against him on a trial of the action on its merits. The fact that the other two defendants did not seek to defend, and that on a trial demanded by the remaining partner (the defendant Wheeler) the plaintiff was defeated on the merits, shows collusion, and goes to the right to demand the money now in dispute. The judgment obtained by the attaching creditor, Cornwall, is next in order, and is now entitled to be first paid.

The plaintiff Phillips objects that the sheriff could not make the motion in Dutchess, for the reason that the plaintiff's judgment was recovered in New York, and the Cornwall judgment in Greene. The Code, section 401, subd. 4, provides "that motions upon notice must be made within the district in which the action is triable, or in a county adjoining that in which it is triable," "and no motion on notice can be made in the first judicial district in an action triable elsewhere."

A literal construction of this language would leave the sheriff without any place to make the motion. It is conceded on the part of the sheriff, that neither of the actions is in the second judicial district, nor in a county adjoining the county of Dutchess, but the sheriff could not be heard if he did not bring all the claimants to the fund before the court.

The plaintiff Cornwall, whose action was triable in Greene, could object to any motion in the first district, and the plaintiff Phillips, whose action was triable in New York, could object as well to a motion in Greene as he did to a motion in Dutchess. If the construction claimed by the plaintiff Phillips for this section is held to govern this proceeding, such a rule would leave the public officer without remedy, because of the conflicting parties who claim the fund in hand having their judgments in several counties. Not being the same judicial district, and not being adjoining counties, this provision of the Code cannot be held applicable.

The proceeding is one not embraced in that section, but rule 97, applying to cases not regulated by statute, must apply. In other words, when one motion is necessarily made and entitled in several actions pending in different counties and judicial districts, the practice, under section 401 of the Code, does not apply, from the very circumstances of the case.

On the question of jurisdiction and on the merits, the order of the special term should be affirmed, with costs.

*Order affirmed.*